June 12, 2025

Jeanette Runey et al.          :

v.                             :

Wayne S. Faring, Individually and as   :
Trustee of the Wayne S. Faring Trust
dated March 12, 2007.

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Jeanette Runey et al.          :

                  v.          :

Wayne S. Faring, Individually and as   :
Trustee of the Wayne S. Faring Trust
        dated March 12, 2007.


Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

## O P I N I O N

**Justice Lynch Prata, for the Court.**   The plaintiff, Jeanette Runey[1] (plaintiff), appeals from a Superior Court order denying her motion for a preliminary injunction against her neighbor, Wayne S. Faring[2] (defendant).  After considering the parties' written and oral submissions and carefully reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument.  For the reasons set forth herein, we deny and dismiss the plaintiff's appeal.

---

[1] The other plaintiff in the Superior Court, Jeffrey Runey, who is Jeannette Runey's husband, is not a party to this appeal.  Therefore, we will refer to only one plaintiff.
[2] Mr. Faring is also named in his capacity as trustee of the Wayne S. Faring Trust dated March 12, 2007.  For clarity, we refer to him simply as "defendant."

- 1 -

The plaintiff filed the underlying lawsuit against defendant as a continuation of a longstanding boundary dispute between the two neighbors. The plaintiff owns the property located at 930 East Wallum Lake Road, Burrillville, Rhode Island, while defendant owns 860-900 East Wallum Lake Road. In 2019, defendant filed an action against plaintiff to determine ownership of a shared driveway between the adjacent properties (PC 19-1798). The defendant amended the initial complaint and submitted claims of an easement by prescription, necessity, implication, and/or estoppel related to the driveway. After another amendment, plaintiff responded with a counterclaim for declaratory relief.

In 2021, the parties filed cross-motions for summary judgment. The defendant sought a declaration that he owned the disputed area containing the driveway by way of a flaw in the deeds, abandoning defendant's claim of adverse possession. A justice of the Superior Court issued an order, concluding that plaintiff received title to the disputed land from the previous owner of the parcel and that defendant did not.

In his decision, the hearing justice[3] detailed a contentious relationship between the parties. He determined that Diane Jackvony, plaintiff's predecessor in

---

[3] Because the determinations of two different Superior Court justices who ruled on those separate actions are referenced in this opinion, we refer to the justice in the

title, owned "Parcel 4"[4] among other connected pieces of property, which she deeded to James and Deborah Bolton. The hearing justice also made reference to another deed received by Ms. Jackvony from Joseph and Jeanne Smith, which included Parcel 4; the hearing justice concluded that the Boltons acquired Parcel 4 from Ms. Jackvony. The Boltons eventually deeded the property to plaintiff.

The defendant asserted ownership to the disputed property through a deed from the Smiths to defendant. The hearing justice rejected defendant's claimed ownership, concluding that "[the Smiths] did not own Parcel 4. The August 2020 deed from Mr. and Mrs. Smith to Mr. and Mrs. Faring cannot correct a question of ownership as [P]arcel 4 was never conveyed [to] Mr. and Mrs. Smith * * *. There can be no question about Diane Jackvony's ownership." The hearing justice rejected defendant's theory that Ms. Jackvony's ownership was invalid. A judgment entered in favor of plaintiff on April 7, 2022; defendant prevailed on plaintiff's declaratory-relief counterclaim. Neither party appealed.

After successfully obtaining legal rights to the disputed driveway through the April 7, 2022 judgment, plaintiff filed the instant action seeking, among other things, removal of "all encroachments currently trespassing the portion of the land known as 'Parcel 4' * * *." The plaintiff moved, *pro se*, for a preliminary injunction under

first action (PC 19-1798) as the "hearing justice," and the justice who issued the order that is subject to this appeal as the "motion justice."
[4] The disputed land underlying this action is a portion of Parcel 4.

- 3 -

Rule 65 of the Superior Court Rules of Civil Procedure to order the removal of defendant's personal property from the parcel. The defendant denied the material allegations in the complaint and, advanced the affirmative defenses of *res judicata* and collateral estoppel; he also asserted various counterclaims. In opposition to plaintiff's motion for a preliminary injunction, defendant maintained that he had used the disputed land since purchasing the property in 1989 and that he therefore had legal access to the space through adverse possession, which he gained in 1999. A second justice of the Superior Court denied plaintiff's motion to dismiss defendant's counterclaims.

Several court hearings relating to plaintiff's request for a preliminary injunction took place over a period of nine months in 2023 before a different justice of the Superior Court (the motion justice). In 2024, the motion justice issued a bench decision concluding that plaintiff failed to establish a reasonable likelihood of success on the merits of the preliminary injunction, largely because defendant enlisted an expert who testified that defendant owned the disputed area. The motion justice also expressed disagreement with the April 2022 judgment issued by the original hearing justice. The plaintiff filed a premature but timely notice of appeal on January 15, 2024.

Before the parties submitted any materials to this Court, further proceedings took place in the Superior Court. On June 24, 2024, the motion justice orally denied

defendant's motion to dismiss plaintiff's appeal for failing to transmit the appellate record. The Superior Court docket reflects that the motion justice mistakenly believed that he lacked jurisdiction to adjudicate the motion because the matter had already been docketed in this Court. The motion justice later reversed himself and granted defendant's motion to reconsider the initial denial of the motion to dismiss the appeal. However, the order was not filed until after the case *had* been docketed in this Court.

Further, on July 1, 2024, plaintiff filed a Rule 41(a)(2) motion to voluntarily dismiss part of the instant case based on new evidence, namely that town building and electrical permits revealed that some of defendant's encroachments, specifically, a foundation, had been on plaintiff's property for a time sufficient to satisfy the time requirement of the adverse-possession statute. At oral argument, plaintiff represented that she no longer considered that part of the disputed land to be her own. The Superior Court has not yet adjudicated this motion.

**Standard of Review**

"A hearing justice's decision to issue a preliminary injunction is reviewed by this Court for abuse of discretion." *King v. Grand Chapter of Rhode Island Order of Eastern Star*, 919 A.2d 991, 995 (R.I. 2007). "If the party requesting the preliminary injunction has established a prima facie case warranting preliminary injunctive relief, this Court will not find an abuse of discretion." *Gabriel v. Willis*, 326 A.3d

172, 175 (R.I. 2024) (quoting *Finnimore & Fisher Inc. v. Town of New Shoreham*, 291 A.3d 977, 983 (R.I. 2023)); *see also* G.L. 1956 § 9-24-7.

## Discussion

On appeal, plaintiff makes three arguments: (1) that the motion justice erred by disregarding the previous decision by the hearing justice in PC 19-1798; (2) that plaintiff provided evidence of ownership of the disputed land, contrary to the motion justice's determination; and (3) that the motion justice's conclusions were biased and prejudicial towards plaintiff. By contrast, defendant avers that the 2022 judgment did not award plaintiff ownership to the property. The defendant also argues that plaintiff's claim of ownership is based on deeds that are nullities and that the motion justice's conclusion was justified because plaintiff failed to provide conclusive evidence that she owned the disputed land. Finally, defendant labels plaintiff's appeal as moot because it was dismissed by the motion justice at a hearing on June 26, 2024.

Initially, we conclude that the motion justice erred when he granted defendant's motion to dismiss plaintiff's appeal. The order was entered after plaintiff's appeal had been docketed in this Court. *See Thompson v. Thompson*, 973 A.2d 499, 513 (R.I. 2009) ("[O]nce an appeal has been docketed in this Court, the lower court no longer has jurisdiction."). Therefore, the Superior Court lacked jurisdiction, and the appeal was not appropriately dismissed.

This Court "has previously held that, 'while the grant of a preliminary injunction is appealable, the denial of a preliminary injunction is not.'" *Gianfrancesco v. A.R. Bilodeau, Inc.*, 112 A.3d 703, 708 (R.I. 2015) (deletions omitted) (quoting *Ciprian v. Providence School Board*, 29 A.3d 1239, 1239 (R.I. 2011) (mem.)). "Instead of a direct appeal, a 'petition for common-law certiorari is the proper method by which to seek review of the denial of a preliminary injunction.'" *Id.* (quoting *Ciprian*, 29 A.3d at 1239).

We note that the motion justice presented plaintiff with an opportunity to have her motion for a preliminary injunction consolidated with a trial on the merits, a trial that would have resulted in an appealable judgment. However, plaintiff opted against the consolidation and is seeking review of the denial of a preliminary injunction by direct appeal. Because the appropriate avenue for review of an interlocutory order is by petition for writ of certiorari, plaintiff's appeal is denied and dismissed. *See Gianfrancesco*, 112 A.3d at 708.

Although we decline to reach the merits of the plaintiff's appeal because it is procedurally defective, we express concern for the motion justice's disregard for the April 7, 2022 judgment, which was not appealed. When the judgment was raised before the motion justice, he stated "[w]ell, I disagreed with that from day one. So, I mean, that's my decision." This Court has been abundantly clear that the "doctrine of res judicata relates to the preclusive effect of a final judgment in an action between

- 7 -

the parties." *Apex Oil Company, Inc. v. State by and through Division of Taxation*, 297 A.3d 96, 111 (R.I. 2023) (quoting *Plunkett v. State*, 869 A.2d 1185, 1187 (R.I. 2015)). "*Res judicata*, or claim preclusion, bars the relitigation of all issues that were tried or might have been tried in an earlier action." *Mello v. Killeavy*, 242 A.3d 53, 56 (R.I. 2020) (quoting *JHRW, LLC v. Seaport Studios, Inc.*, 212 A.3d 168, 177 (R.I. 2019)). "*Res judicata* serves as a bar to a second cause of action where there exists: (1) identity of parties; (2) identity of issues; and (3) finality of judgment in an earlier action." *Id.* (quoting *JHRW, LLC*, 212 A.3d at 177). We reiterate those principles and direct the Superior Court to consider them in future proceedings, should the plaintiff choose to go forward on the merits.

## Conclusion

For the reasons outlined herein, we deny and dismiss the appeal. The papers may be returned to the Superior Court.

- 8 -

# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903



## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Jeanette Runey et al. v. Wayne S. Faring, Individually and as Trustee of the Wayne S. Faring Trust dated March 12, 2007. |
| **Case Number** | No. 2024-201-Appeal.<br>(PC 22-3030) |
| **Date Opinion Filed** | June 12, 2025 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Erin Lynch Prata |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Kevin F. McHugh |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Jeanette Runey, *pro se* |
| | For Defendant:<br><br>David M. D'Agostino, Esq. |